# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SCOTT BEEZLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-2432 JCH |
| ) | |
| LARRY CRAWFORD, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. After review of the application for writ of habeas corpus, the Court will deny and dismiss the petition.

## **Background**

Petitioner was arrested on the basis of three separately issued warrants out of St. Charles County Court on August 18, 2017 by St. Charles Deputy Sheriff Rackhaus. The charges included driving while revoked/suspended (felony), failing to comply with a court order requiring the use of an ignition interlock device (misdemeanor), and failing to appear on a charge of no insurance (misdemeanor). *See State v. Beezley*, Case Nos. 1711-CR00594, 1711-CR00593 and 1711-CR0001098 (St. Charles County Circuit Court).

Petitioner was arraigned on the two misdemeanor charges on August 21, 2017 and bond was set at $650.00 in cash. Petitioner was arraigned on the felony charge, in Case No. 1711-CR0001098 on that same date and his bond was set at $10,000, whereupon 10% was allowed, cash only. Petitioner was incarcerated at that time in St. Charles County Department of Corrections.

Petitioner was released from custody on his own recognizance in all three cases on or about September 29, 2017. However, petitioner has failed to update the Court's docket has to his address. Moreover, the Court notes that according to Missouri.Case.Net, petitioner has failed to appear in all three cases at his last court date. Accordingly, he currently has a warrant out for his arrest due to his failure to appear. *See State v. Beezley*, Case Nos. 1711-CR00594, 1711-CR00593 and 1711-CR0001098 (St. Charles County Circuit Court).

Petitioner filed the instant action on September 14, 2017, asserting that he had been held for thirty-four (34) days at the time he filed his petition, which he believes is an overly long time in the St. Charles County Detention Center for what he calls "traffic tickets."

Petitioner also asserts that he believes the bond levels to be overly high, and he asserts that the Court and the Detention Center appear to make money from inmates remaining incarcerated as a result of high bond amounts.

Petitioner also makes several conditions of confinement claims against the Detention Center, but he has not indicated that he is bringing a civil lawsuit against any individuals at the Detention Center for alleged violations of his civil rights as a result of their purported unlawful actions against him during his incarceration there.

The Court has reviewed petitioner's criminal case docket on Missouri.Case.Net and reiterates that petitioner is not incarcerated at the present time. *See Missouri v. Cravins, No. 1722-CR1415-01 (City of St. Louis).*

### Discussion

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pretrial habeas relief." *Id.* Only when

"special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County,* 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck,* 48 F. Supp. 2d at 860 (double jeopardy). However, a petition must contain enough facts to state a claim as a matter of law and must not be merely conclusory. *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies.[1]

Additionally, as noted above, petitioner is not incarcerated at the present time. Thus, although he complains about excessive bond in his petition, Missouri.Case.Net shows that in his felony action after a little more than thirty-nine (39) days of incarceration, petitioner's bond went from $10,000, with a 10% cash bond required, to being released on his own recognizance. The Court cannot state that such a quick reduction in bond, given petitioner's history of failing to appear, was excessive.

---

[1] In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden,* 410 U.S. at 484. Missouri law provides at least three distinct avenues for a pretrial detainee to challenge unconstitutional conduct: filing a declaratory action, filing a state petition for habeas corpus, or filing a state petition for writ of mandamus. *See Wayne v. Missouri Bd. of Prob. and Parole,* 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner has not alleged, nor has the Court found, that petitioner exhausted his state remedies prior to bringing this action.

Although petitioner states in his application for writ issues relating to conditions of confinement in St. Charles County Detention Center[2], these issues are not matters cognizable in a § 2241 petition. Having found petitioner's claims lacking, the Court will deny and dismiss the petition at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner with a blank Prisoner Civil Rights Complaint form. If petitioner wishes to file his conditions of confinement claims against St. Charles County Detention Center he may fill out the complaint form and send it back to the Court.

**IT IS HEREBY ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of November, 2017.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner, for example, complains about the lack of recreation time at the Detention Center, the bugs at the Jail, the poor meal plan, the mold on the walls, poor ventilation and medical issues of other inmates. Petitioner has not, however, indicated how these issues allegedly infringed upon his constitutional rights or named a defendant who purportedly acted in an unlawful manner towards petitioner. Jails are not legally suable entities under 42 U.S.C. § 1983. *See Ketchum v. City of West Mempis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992). And although these types of claims are not cognizable in a habeas corpus petition brought pursuant to 28 U.S.C. § 2241, petitioner may wish to pursue his claims in a separately filed lawsuit brought pursuant to § 1983.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

_____ )
_____ )
_____ )
(Enter above the full name of the )
Plaintiff in this action. Include prison )
registration number.) )
        v. )
_____ )   Case No. _____
)   (To be assigned by Clerk)
_____ )
_____ )
_____ )   In what capacity are you suing the
)   defendants?
_____ )
)   ☐   Official
(Enter above the full name of **ALL** Defend- )   ☐   Individual
ant(s) in this action. Fed. R. Civ. P. 10(a) )   ☐   Both
requires that the caption of the complaint )
include the names of **all** the parties. Merely )
listing one party and "et al." is insufficient. )
Please attach additional sheets if necessary. )

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

I.    PLACE OF PRESENT CONFINEMENT: _____

_____

II.   PREVIOUS CIVIL ACTIONS:

    A.   Have you brought any other civil actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?

          YES  [  ]          NO  [  ]

B. If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1. Parties to previous civil action:

   Plaintiff: _____

   _____

   Defendant(s): _____

   _____

2. Court where filed: _____

3. Docket or case number: _____

4. Name of Judge: _____

5. Basic claim made: _____

   _____

   _____

6. Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?):

   _____

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

   YES [ ]   NO [ ]

B. Have you presented this grievance system the facts which are at issue in this complaint?

   YES [ ]   NO [ ]

C. If your answer to "B" is YES, what steps did you take: _____

_____

_____

D. If your answer to "B" is NO, explain why you have not used the grievance system:

_____

_____

IV. PARTIES TO THIS ACTION:

A. Plaintiff

1. Name of Plaintiff: _____

2. Plaintiff's address: _____

3. Registration number: _____

B. Defendant(s)

1. Name of Defendant: _____

2. Defendant's address: _____

3. Defendant's employer and job title: _____

_____

4. Additional Defendant(s) and address(es): _____

_____

_____

V.  COUNSEL

   A.  Do you have an attorney to represent you in this action?

   YES   [  ]                     NO    [  ]

   B.  If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

   YES   [  ]                     NO    [  ]

   C.  If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

   _____

   _____

   _____

   D.  If your answer to "B" is NO, explain why you have not made such efforts:

   _____

   _____

   E.  Have you previously been represented by counsel in a civil action in this Court?

   YES   [  ]                     NO    [  ]

   F.  If your answer to "E" is YES, state the attorney's name and address:

   _____

   _____

VI. Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. State your claims in numbered paragraphs. You may use additional paper if necessary):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

VII.  RELIEF

   State briefly and exactly what you want the Court to do for you.  Do not make legal arguments.  (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

   _____
   _____
   _____
   _____
   _____

VIII.  MONEY DAMAGES:

   A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

       YES ☐    NO ☐

   B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

   _____
   _____
   _____

IX.  Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

       YES  [  ]    NO  [  ]

   _____    _____
   Signature of attorney or pro se Plaintiff                        Date